UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOE MICHAEL KOSTER,
MICHAEL LEO PATTERSON,
CHERYL ROSE STEINSIEK,
VANNESSA DALE ROBB,
BRUCE KIRBY ROBB,
JEFFREY PAUL NEIGHBORS,

    Defendants.
_____/

Case No. 2:13-cr-11
HON. ROBERT HOLMES BELL

## REPORT AND RECOMMENDATION

Beginning in July of 2009 until June 25, 2011, defendants participated in a conspiracy to commit theft from a gaming establishment on Indian lands in violation of 18 U.S.C. § 371. Defendants Koster, Steinsiek and Patterson participated in the conspiracy from its inception to its conclusion. Defendants Vannessa Robb and Bruce Robb participated in the conspiracy from June of 2010 until June 25, 2011. Finally, defendant Neighbors participated in the conspiracy only during the calendar year 2011. All six defendants entered guilty pleas in this matter, pleading guilty to having participated in a conspiracy to commit theft from a gaming establishment. By order dated October 22, 2013, the Honorable Robert Holmes Bell, United States District Judge, explained: "It has come to the Court's attention that loss amount may be an issue for purposes of sentencing. Counsel are hereby advised that the issue of amount of loss is hereby referred to Magistrate Judge Timothy P. Greeley to conduct any such hearings as he sees fit and to thereafter issue a Report & Recommendation."

A hearing was held in this matter on January 14, 2014. Testifying at the hearing were Richard Grout, Special Agent of the Federal Bureau of Investigation (FBI), and defendant Koster. This recommendation is based upon the evidence presented at that hearing. All parties agree that the government bears the burden of establishing the loss amount attributable to each defendant. *See United States v. Rodriguez*, 896 F.2d 1031 (6th Cir. 1990). The parties also recognize that the standard of proof is preponderance of the evidence and that the government must establish a reasonable estimate of the loss amount through reliable and specific evidence. *Id*. at 1031-1032; *United States v. Maxwell*, 579 F.3d 1282, 1305 (11th Cir. 2009).

The testimony of Special Agent Grout establishes that sometime in the Summer of 2009, the Kewadin Casino Hotel and Resort received an anonymous tip that Joe Koster and two other individuals would be traveling to the Kewadin Casino in Sault Ste. Marie, Michigan, in an effort to steal money. It was not until June of 2011 that the FBI became involved in the investigation of the Casino theft. Special Agent Grout obtained hotel records and RV park records and reviewed video surveillance from June of 2011 maintained by Casino security. The video evidence provided Special Agent Grout with the ability to identify the Casino theft in June of 2011 and to make a reliable prediction of the loss suffered by the Casino during the period from June 9 until June 25, 2011. Government's Exhibit 3 provides reliable and specific evidence that the loss suffered by the Casino during that period was $27,849.56. There is no video surveillance from the period prior to June of 2011, and it is therefore much more difficult to determine the loss during that period. Government's Exhibit 2 provides reliable information regarding when visits were made to the Casino from July of 2009 until June 25, 2011. Defendants have not provided any evidence to contradict government's Exhibit 2. Government's Exhibit 1 provides the Court with reliable evidence as to

when lodging was secured in the Sault Ste. Marie, Michigan, area which coincides with the dates the government maintains the thefts occurred.

The testimony of defendant Koster establishes a reliable basis for concluding, that on the days the conspirators arrived at the Casino and on the day they departed, the average amount taken from the Casino was $1,200.00. On the days when the conspirators spent a full day at the Casino, the average amount taken was $2,500.00. Thus, on a trip when they arrived on Thursday and left on Sunday, they would average $1,2000.00 on Thursday and $1,200.00 on Sunday, and $2,500.00 on Friday and $2,500.00 on Saturday. These figures are somewhat below the calculations provided to the Court in government Exhibit 3. The period in June of 2011 was the zenith of the criminal conspiracy. All defendants were participating in the conspiracy in June of 2011. During the earlier period of the conspiracy, from July of 2009, to June of 2010, only three of the defendants were participating. The reliable and specific evidence of record suggests that the amount of the thefts during the early period of the conspiracy would have been lower than that in June of 2011. It is therefore recommended that the court use the averages provided by defendant Koster in determining the appropriate loss amount for sentencing purposes. This is a conservative estimate based on reliable and specific evidence. Thus, on arrival dates and departure dates, the loss amount should be determined to be $1,200.00 per day. On dates when the conspirators spent the full day on their activities, the amount should be $2,500.00 per day.

It is recommended that each defendant be found fully responsible for the loss incurred by the Casino on the days they participated in the conspiracy. The defendants admitted in their plea agreements and at the time of the plea hearing, that they were aware of the conspiracy. The reliable and specific evidence also establishes that they were acting as a team, working together, to accomplish the theft from the Casino.

Reviewing government's Exhibits 1 and 2, it is clear that defendant Steinsiek, Patterson and Koster were involved in the conspiracy for the entire time. Therefore, they are responsible for the loss amount established in government's Exhibit 3 of $27,849.56 for the period June 9, 2011, through the conclusion of the conspiracy. For the period prior to that, I have utilized the figures identified above and I have conservatively estimated that the loss amount attributable to defendants Koster, Patterson and Steinsiek, should be $310,000.00. In determining the appropriate loss amount for the defendants Vannessa and Bruce Robb, I have again used government's Exhibit 1 and have attributed to them only those days when they were present in Sault Ste. Marie, Michigan. Using the figures above and the records of their visits to Sault Ste. Marie, I have conservatively estimated that the loss amount attributable to them is $150,000.00.[1] Determining when defendant Neighbors participated in the conspiracy is difficult. The government's Exhibit 1 does not establish when defendant Neighbors was present. The plea agreement indicates that defendant Neighbors participated in the conspiracy from the Winter of 2011 until June 25, 2011. Defense counsel indicated that he believed that his client made eight to nine visits to the Casino during the conspiracy. This appears to be a reasonable figure. Using the above figures, I have conservatively estimated that the amount of the loss attributable to defendant Neighbors is $67,000.00.

---

[1] Both counsel for the Robbs conceded at the hearing that the Robbs were present for 16 weekends during which the thefts occurred. My calculations are based on those weekends.

Accordingly, it is respectfully recommended that the loss amount attributable to the defendants for purposes of sentencing guidelines calculations be as follows:

        Defendant Koster     $310,000.00

        Defendant Steinsiek  $310,000.00

        Defendant Patterson  $310,000.00

        Defendant V. Robb    $150,000.00

        Defendant B. Robb    $150.000.00

        Defendant Neighbors $ 67,000.00

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

                                        /s/ Timothy P. Greeley
                                        TIMOTHY P. GREELEY
                                        UNITED STATES MAGISTRATE JUDGE

Dated: January 23, 2014